IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEFFREY M. RAINIER, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 09-183-GMS |
| | ) |
| C/O KENNY SMITH, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Jeffrey M. Rainier, Sr., ("Rainier"), an inmate at the James T. Vaughn Correctional Center ("VCC), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 2.) An amended complaint was filed on May 5, 2009 adding new defendants and claims. (D.I. 10.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

**I. BACKGROUND**

Rainier alleges that in March 2007, while a pretrial detainee at the Sussex Correctional Institution ("SCI"), the defendants C/O Kenny Smith ("Smith") and C/O Townsend ("Townsend") used excessive force and Townsend failed to protect him, all in violation of 42 U.S.C. § 1983.[1] Rainier also alleges negligence and assault and battery under Delaware law.

---

[1] It may be that portions of this case are barred by the two year statute of limitations period. Claims under § 1983 accrue, and the applicable two-year limitations period under Delaware law began to run, "from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action." *See Hurst v. Trader,* 223 F. App'x 28 (Del. 2007) (not published); 42 U.S.C. § 1983; Del. Code Ann. tit. 10, § 8119. While the complaint was signed on December 4, 2008, it was not filed with this court until March 19, 2009, when it was received "over the counter" as evidenced by the district court log sheet and time stamp of

Rainier alleges that as a result of the March 2007 incident, the defendant Lt. Joseph Johnson ("Johnson") conducted a disciplinary hearing that violated Rainier's right to due process and then placed him in punitive segregation. After he was sentenced, Rainier sought to file criminal charges against Smith, but was threatened with physical harm by the defendant Sgt. Gosnell ("Gosnell") and was afraid to press charges.

Rainier was transferred to VCC and housed in the Security Housing Unit ("SHU") on April 4, 2008. In June he was classified to medium security, but several days later was returned to SHU due to a classification override. On July 2, 2008, the defendant Central Institutional Classification Board ("CICB") sent a form to Rainier denying him medium security status because Rainier had been found guilty of staff assault as a result of the March 2007 incident. Rainier wrote to the defendants Evelyn Stevenson ("Stevenson"), Linda Kemp ("Kemp"), and the CICB regarding his placement in SHU. As of April 4, 2009, Rainier remained housed in SHU. He complains that inmates housed in SHU receive limited exercise time, are not allowed to participate in social activities and employment, are exposed to garage style lighting, and forced to stay awake from 8:00 AM until 11:30 PM. Rainier alleges that his one year placement in SHU violates his constitutional rights. He alleges that the approval of his extended placement in SHU by the defendants Warden Perry Phelps ("Phelps"), Kemp, Stevenson, members of the CICB, Major Scarborough ("Scarborough"), and Major Costello ("Costello") has caused him pain and suffering and deprived him of a protected liberty interest in violation of the Fourteenth Amendment. Rainier seeks compensatory and punitive damages and a transfer from SHU.

---

March 19, 2009 at 11:56 AM. The complaint does not provide the exact date of the March 2007 incident, referring only to "March 2007." Claims for actions that occurred prior to March 19, 2007, may be time-barred.

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis*, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (not published); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted). The "[f]actual

allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

Rainier is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Id.* (citing *Twombly*, 550 U.S. at 556 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Phillips v. County of Allegheny*, 515 F.3d at 235 (quoting *Twombly*, 550 U.S. at 556 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234. Because Rainier proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 127 S.Ct. at 2200 (citations omitted).

## III. DISCUSSION

Rainier complains that his placement in SHU, with its restrictive conditions, violates his constitutional rights. He alleges that the approval of his extended placement in SHU by the defendants Phelps, Kemp, Stevenson, Doe members of the CICB, Scarborough, and Costello violated his constitutional rights. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

An inmate has no constitutionally protected liberty interest in his place of confinement, transfer, or classification. *Sandin v. Conner*, 515 U.S. 472, 483 (1995); *Meachum v. Fano*, 427 U.S. 215 (1976); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Futch v. Dewey,* 317 F. App'x 102, 104 (3d Cir. 2009) (not published). Moreover, neither Delaware law nor Delaware Department of Correction regulations create a liberty interest in a prisoner's classification within an institution. *See* Del. Code Ann. tit. 11, § 6529(e). "'As long as the conditions or degree of confinement to which [a] prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight.'" *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) (quoting *Montanye v. Haymes*, 427 U.S. 236, 242 (1976)). It has thus been determined that the transfer of a prisoner from one classification is unprotected by "'the Due Process Clause in and of itself,'" even though the change in status involves a significant modification in conditions of confinement. *Hewitt*, 459 U.S. at 468 (citation omitted); *Moody v. Daggett*, 429 U.S. 78 (1976 ); *see also Brown v. Cunningham,* 730 F. Supp. 612 (D. Del. 1990) (plaintiff's transfer from general population to administrative segregation, without being given notice and opportunity to challenge it, was not violation of plaintiff's liberty interest).

Additionally, when deciding whether a protected liberty interest exists, a federal court must consider the duration of the disciplinary confinement and the conditions of that confinement in relation to other prison conditions. *Mitchell v. Horn*, 318 F.3d 523, 532 (3d Cir. 2003) (citing *Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000)). The Third Circuit has held that an inmate sentenced to an aggregate of 930 days in disciplinary confinement without dayroom or telephone privileges did not constitute an atypical and significant hardship sufficient to trigger a

liberty interest under Sandin. *See Young v. Beard*, 227 F. App'x 138 (3d Cir. 2007) (not published). Thus, given the length of time Rainier has been housed in SHU, he fails to state constitutional claim on the facts alleged. *See Henderson v. Kerns-Barr*, No. Civ. A. 07-0936, 2008 WL 2156357, at *1 (M.D. Pa. May 21, 2008)(assuming that the plaintiff was not afforded the protections called for by *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), because the sanction of 90 days disciplinary confinement did not affect the inmate's release date, there was no liberty interest and, therefore, no trigger of due process rights). The complaint does not contain allegations that implicate a protected liberty interest. For the above reasons, the court will dismiss all claims against the defendants Phelps, Kemp, Stevenson, C/O Cannon, John Does CICB, Scarborough, and Costello pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) as frivolous.

## IV. REQUEST FOR COUNSEL

Rainier requests counsel on the grounds that he is unable to afford counsel, the issues are complex, he has limited access to the law library and limited knowledge of the law, and is mentally ill with diagnoses of bi-polar disorder and ADHD. (D.I. 11.) A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *See Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). However, representation by counsel may be appropriate under certain circumstances, if the court finds that Rainier's claim has arguable merit in fact and law. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).

The court considers a number of factors when assessing a request for counsel, including: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal

issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron v. Grace*, 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

Upon consideration of the record, the court is not persuaded that the request for counsel is warranted at this time. It is unclear whether Rainier's claims have arguable merit. Moreover, he appears to have the ability to present his claims and there is no evidence that prejudice will result in the absence of counsel. More importantly, this case is in its early stages and, should the need for counsel arise later, one can be appointed at that time. Therefore, the court will deny without prejudice the request for counsel.

## V. CONCLUSION

Based upon the foregoing analysis, the court will dismiss as frivolous all claims against the defendants Phelps, Kemp, Stevenson, C/O Cannon, John Does CICB, Scarborough, and Costello pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Rainier will be allowed to proceed against the remaining defendants. The court will deny without prejudice Rainier's request for counsel.

An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

Sept 25 , 2009
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEFFREY M. RAINIER, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 09-183-GMS |
| | ) |
| C/O KENNY SMITH, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 25th day of Sept., 2009, for the reasons set forth in the Memorandum issued this date

1. The plaintiff's request for counsel is denied without prejudice. (D.I. 11.)

2. The claims against the defendants Perry Phelps, Linda Kemp, Evelyn Stevenson, John Does CICB, Major Scarborough, and Major Costello are **dismissed** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2. The court has identified what appears to be cognizable claims within the meaning of 28 U.S.C. § 1915A against the defendants C/O Kenny Smith, C/O Townsend, Sgt. Gosnell, and Lt. Joseph Johnson. The plaintiff is allowed to **proceed** against these defendants.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to the plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(3) and (d)(1), the plaintiff shall provide the court with "USM-285" forms for the **remaining defendants C/O Kenny Smith, C/O Townsend, Sgt. Gosnell, and Lt. Joseph Johnson** as well as for the Chief Deputy Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to

DEL. CODE ANN. tit. 10 § 3103(C). The plaintiff has provided the court with copies of the complaint. (D.I. 2). He shall also provide copies of the amended complaint for service upon the remaining defendants. (D.I. 10.) **The plaintiff is notified that the United States Marshal will not serve the complaint and amended complaint until all "U.S. Marshal 285" forms and copies of the amended complaint have been received by the clerk of court. Failure to provide the "U.S. Marshal 285" forms for the remaining defendants and the chief deputy attorney general within 120 days from the date of this order may result in the complaint being dismissed or the defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

4. Upon receipt of the form(s) required by paragraph 3 above, the United States Marshal shall forthwith serve a copy of the complaint (D.I. 2), amended complaint (D.I. 10), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) identified in the 285 forms.

5. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver pursuant to Fed. R. Civ. P. 4(d)(1) and (2).

6. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a

motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

7. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

8. **NOTE:** *** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a). ***

9. **NOTE:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

CHIEF UNITED STATES DISTRICT JUDGE